**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2297**

LAJUAN F. MARTIN; WINSTON MARTIN HOLDING GROUP, LLC,

            Plaintiffs - Appellants,

      v.

FREDDIE L. WINSTON, JR.; 9620 INVESTMENTS, LLC,

            Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:16-cv-04140-PJM)

Submitted:  June 20, 2018                                         Decided:  July 6, 2018

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lajuan F. Martin, Appellant Pro Se; Adam Hosea Levi, LEVI & ASSOCIATES, PLLC, Washington, D.C., for Appellant Winston Martin Holding Group, LLC.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LaJuan F. Martin and Winston Martin Holding Group, LLC ("WMHG") appeal the district court's order denying their motion for summary judgment, granting Defendants' motion for summary judgment, and entering final judgment in favor of Defendants. We affirm.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted).

Applying these principles to the record before us, we discern no reversible error in the district court's conclusion that the parties were precluded from relitigating the issue of who holds legal title to the disputed piece of property in Upper Marlboro, Maryland. *See Martin v. Winston*, No. 8:16-cv-04140-PJM (D. Md. filed July 24, 2017, entered July 25, 2017). Because each of the claims in Martin and WMHG's complaint relied on the premise that WMHG holds legal title to the property, and because the Maryland courts have entered judgment holding that Freddie Winston, Jr., held legal title to the property—a title Winston

2

subsequently conveyed to 9620 Investments, LLC—summary judgment was proper as to each claim.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*